**Hertz System, Inc., a Delaware Corporation, Plaintiff-Appellee, v. Eric Edward McIllree, Defendant-Appellant.**

Gen. No. 47,866.

First District, First Division.

July 1, 1960.

Rehearing denied July 25, 1960.

Burton H. Young, Lawrence P. Hickey, Young and Hickey, of Chicago, for appellant.

D'Ancona, Pflaum, Wyatt, and Riskind, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a suit against an Australian citizen for specific performance of a written agreement. Defendant's

motions to strike and dismiss were overruled, and after defendant failed to answer the complaint, the chancellor entered a decree for plaintiff. Defendant has appealed.

Defendant operates a car rental business in Australia. He has registered, in his own name or in the name of his nominees, the name "Hertz", "Hertz Rent A Car", "Hertz Driveyourself", or one or more other variations of the name "Hertz" under the Business Names Acts in the various states of the Australian Commonwealth. Plaintiff is the owner of the trade-mark "Hertz" registered in the United States Patent Office and owns similar trade-marks in various other countries in the world.

In two letters, dated August 29, 1953, and September 26, 1955, defendant promised to transfer the Australian registrations to plaintiff or plaintiff's nominee, upon plaintiff's request, the sole consideration to be defendant's out-of-pocket expenses in the transfer. Plaintiff requested the transfer by letters dated November 21, 1955, and January 5, 1956. Defendant refused to make the transfer and this action followed.

Defendant was served personally in Chicago. He retained counsel to represent him in the preliminary stages of the action. After his motions to strike the complaint and dismiss the action were overruled, defendant instructed his attorneys to withdraw from the case. No answer was filed and the decree was entered against him by default. He had previously left the United States at the expiration of his 14 day visitor's visa on June 8, 1959.

A vital question is whether the chancellor should have entered the decree ordering the Australian citizen to transfer his right in a business name registered by him under Australian law.

Defendant admits the chancellor had the power "because of its in personam jurisdiction" to order him

to make the transfer. He argues though that the chancellor should not have assumed jurisdiction to pass on the validity of a transfer of a foreign name. The decree does not pass on the validity of the transfer, as a company sought to do in Vanity Fair Mills v. T. Eaton Co., 133 F. Supp. 522 (S. D. N. Y. 1955), aff'd, 234 F.2d 633 (2d Cir. 1956), nor over persons not before the court as in British Nylon Spinners Ltd. v. Imperial Chemical Industries, Ltd. [1953], 1 Ch. 19.

■ The decree merely orders the transfer, and although it provides the forms to be used for transfer by a Commissioner should defendant refuse to transfer, there is no attempt to anticipate what an Australian court will do should plaintiff seek enforcement in Australia. For this reason we see no offense against comity between Australia and the United States.

■ Neither do we think that the decree was prejudicial to defendant's rights with respect to convenience of the forum. He appeared in Chicago at least three times in pursuit of business interests; entered into the contract here; was served on a business trip here; and retained counsel in the preliminary stages of the suit to attack the complaint, but withdrew them prior to a trial on the merits. He permitted the entry of a default decree. A reason advanced in the trial court to support his claim of inconvenience was his inability to take sufficient funds for attorneys' fees from Australia. Yet he was represented by counsel in this court. He claimed prejudice because of his inability to appear personally at trial. But the nature of the case is such that we think the presentation of his case in this court was sufficient to protect him. We think all the circumstances in the instant case support plaintiff's choice of the American forum.

■■ We also hold that the chancellor did not depart from the policy of chancery courts to avoid issuing ineffectual decrees. Time, Inc. v. T.I.M.E., Inc.,

123 F. Supp. 446, 457 (S.D. Cal. 1954). We cannot assume that plaintiff would be powerless to proceed in Australia for enforcement of the decree.

The decree orders defendant to transfer the name only. He argues that under Australian law a business name cannot be transferred apart from use of the name in a business, and that since plaintiff admittedly has no business in Australia, the complaint failed to allege the essential element of plaintiff's business status and the decree must fall. He relies upon Commissioner of Taxes v. Ford Motor Co. of Australia, 66 Commonwealth Law Reports 261 (1942). In that case the court rested its decision upon section 58 of the Australian Trade Marks Act which prohibited transfers of the name only. A 1955 amendment to that Act, however, now permits the transfer of trade-marks apart from good will. Australian Trade Marks Act, sec. 82 (1955).

No Australian case is cited, and we have found none on the question whether a name alone is subject of transfer under the Business Names Acts of the several Australian states under which defendant has registered the name. The Business Names Act of New South Wales, a statute typical of those in states in which the name is registered, stipulates in section 6 that only firms carrying on business "shall be registered". The Act makes no reference to any particular length of time a business must have been carried on in order to be registered. From the nature of the statute itself, it seems to have been designed for businesses in the formative stages, that is, that as soon as one begins to "carry on" business, he must register his business name. Otherwise new businesses could not qualify. Also, section 5 provides for the registration of the names of firms whose business is "wholly or mainly" as nominee for another firm or as "gen-

eral agent for any foreign firm". The designated nominee of plaintiff is an Australian resident.

 The Business Names Act does not expressly provide for the outright transfer of the business name, but it does not expressly prohibit a transfer. Under section 11, defendant can divest himself of the Hertz name by notifying the Registrar-General that he has ceased carrying on the business under that name. By his agreement we infer that defendant undertook to do what was necessary in Australia to complete his side of the transaction and would not refuse to perform an act necessary for performance. Ray v. Davies, 9 Commonwealth Law Reports 160, 170 (1909) (opinion of Isaacs, J.); Morgan v. Rarey, 3 Law Times Reports 784 (1861); 8 Halsbury, Laws of England 121–124 (3d ed. 1954). Consequently, defendant agreed to divest himself of the business name and not prevent plaintiff from being revested with it. Marshall v. Colonial Bank of Australasia, Ltd., 1 Commonwealth Law Reports 632 (1904); see William Cory & Son, Ltd. v. London Corp. [1951], 2 K. B. 476, 484.

In J. H. Coles Pty., Ltd. v. Need, 49 Commonwealth Law Reports 499 (1933), a suit to restrain the use of a name registered under the Business Names Act of Victoria, the Privy Council rejected Need's theory of "assignment" and construed the agreement to be a "revocable licence", withdrawn when Need no longer purchased his goods from plaintiff for resale. The use of the business name, however, like any other property, was permitted by the Council to be transferred under license to another party, despite the absence of a provision for such a transfer in the Business Names Act and despite the fact that the first user remained the registered owner throughout the transaction.

 The decision in the Coles case and the 1955 amendment of the Australian Trade Marks Act dis-

close a legal policy of freedom in Australia in dealing with rights in registered names. We think the chancellor's decree in the instant case is within the spirit of that policy. In our opinion the decree does not encroach on the sovereign power of Australia nor offend fundamental policy of British courts against the enforcement of foreign judgments violating fundamental notions of justice. Cf. Huntington v. Attrill [1893], Appeal Cases 150; Buchanan v. Rucker, 103 E.R. 546 (1808); Frederick A. Jones, Inc. v. Toronto Geneva Ins. Co. [1933], Ontario Reports 428.

We conclude that defendant can consistently with Australian law perform his contract with plaintiff, in compliance with the decree, by taking whatever legal steps are necessary in the various states of the Commonwealth in which the name is registered, to transfer the name to plaintiff's nominee.

For the reasons given the decree is affirmed.

Affirmed.

BURMAN and MURPHY, JJ. concur.